IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-01897-CNS-MDB *consolidated with* 1:21-cv-00269-CNS-MDB

UNITED STATES OF AMERICA, for the use of
M&S CIVIL CONSULTANTS, INC., a Colorado corporation,

    Plaintiff and Counterclaim Defendant,

v.

G&C FAB-CON, LLC, a New Jersey limited liability company, and
EVEREST REINSRUANCE COMPANY, a Delaware corporation,

    Defendants and Counterclaim Plaintiffs.

---

**ORDER**

---

Before the Court is Defendants and Counterclaim Plaintiffs G&C Fab-Con, LLC (G&C) and Everest Reinsurance Company's (Everest) Motion for Summary Judgment. (ECF No. 49). The motion is denied.

**I.  FACTS**

This civil action arises from a federal construction project, the Pikes Peak National Cemetery. G&C was retained by the United States Department of Veteran's Affairs to serve as the prime contractor. (ECF No. 49, p. 1). Plaintiff and Counterclaim Defendant M&S Civil Consultants, Inc. (M&S) entered into a subcontract with G&C, as a direct subcontractor, to perform surveying and other services. (ECF No. 53, p. 2).

1

In June 2020, M&S filed its Complaint alleging breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, unjust enrichment, and a Miller Act payment bond claim against G&C and Everest. (ECF No. 1, pp. 6-10). In March 2021, G&C and Everest filed an Answer and G&C asserted counterclaims of breach of contract and unjust enrichment against M&S. (ECF No. 29, pp. 14-15). In April 2021, this civil action was consolidated with civil action no. 21-cv-00269-CNS-MDB. (ECF No. 34). In that action, G&C's Complaint alleged breach of contract and unjust enrichment against M&S. (Re-docketed as ECF No. 35). M&S answered and asserted counterclaims of breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, unjust enrichment, and abuse of process. (ECF No. 36, pp. 15-18). Discovery closed on October 29, 2021. (ECF No. 44, pp. 7-8).

In the instant motion, G&C and Everest move for summary judgment on the liability portion of its breach of contract claim due to (1) M&S's admitted surveying errors and (2) M&S's failure to provide G&C with all as-built data. G&C and Everest also move for summary judgment on M&S's affirmative claims for payment for additional services.[1] (ECF No. 49 pp. 6-12). G&C also moves for sanctions, as an alternative to summary judgment regarding M&S's claims for nonpayment for additional services, due to M&S's failure to prepare its 30(b)(6) deponent.

## II. LEGAL STANDARD

Summary judgment is warranted when (1) the movant shows that there is no genuine dispute as to any material fact and (2) the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The factual record and reasonable inferences must be construed in the light most

---

[1] Despite the title of the motion, the Court interprets it to be a motion for partial summary judgment as G&C and Everest did not address any of Plaintiff's other claims for relief.

favorable to the nonmoving party. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). The moving party bears the initial burden, but once met, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "[Q]uestions of intent, which involve intangible factors including witness creditability, are matters for consideration of the fact finder after a full trial." *Prochaska v. Marcoux*, 632 F.2d 848, 851 (10th Cir. 1980).

### III. ANALYSIS

**1. Motion for Discovery Sanctions**

M&S's 30(b)(6) deposition was taken on October 29, 2021. (ECF No. 53; ECF No. 49-7). M&S argues that G&C failed to confer about any alleged deficiencies in the deposition. G&C does not contest this. (*See* ECF No. 61). Both D.C.COLO.LCivR 7.1 and Federal Rule of Civil Procedure 37(a)(1) contemplate a robust meet-and-confer process before involving the court. *Peterson v. Nelnet Diversified Sols., LLC*, No. 17-CV-01064-NYW, 2018 WL 9662030, at *5 (D. Colo. Feb. 2, 2018). While D.C.COLO.LCivR 7.1 does not require conferral for a motion for summary judgment, it does require good faith efforts by the parties to confer for motions regarding discovery disputes. (*See* D.C.COLO.LCivR 7.1(a)-(b)). Due to G&C's failure to certify conferral under either rule, the Court DENIES the motion for sanctions.

### 2. Motion for Partial Summary Judgment

Having reviewed the Complaints, the motion for partial summary judgment and related briefing, and the relevant legal authority, the Court finds that there are disputed questions of material fact that preclude summary judgment.

### A. G&C's Breach of Contract Claim – Surveying Errors & Failure to Provide Data

G&C asserts a breach of contract claim against M&S for failure to perform and complete its work on the construction project. (ECF No. 35). G&C contends that M&S has admitted that it made surveying errors in and around the crypt fields and is entitled to summary judgment on the liability portion of its breach of contract claim. (ECF No. 49, pp. 6-7). M&S contends, however, that it only made some surveying errors regarding the crypt fields at the site of the construction project and reimbursed another subcontractor, Pioneer Civil Construction, in the amount of $30,844.86 for the costs incurred for repairing the error. (ECF No. 53, pp. 5, 15; ECF No. 53-2, pp. 1-4). Furthermore, in August 2019, G&C had M&S sign Change Order No. CO#3 that decreased the contract amount by $3,252.57 for "incorrect survey points that were corrected by others," which M&S argues was a settlement of any surveying errors. (ECF No. 53, p. 12; ECF No. 53-12).

Under Colorado law, a settlement agreement does not need to be in writing but must be a "meeting of the minds and an exchange of sufficient consideration." *Van Schaack Holdings, Ltd. v. Fulenwider*, 798 P.2d 424, 431 (Colo. 1990); *S.C. Ins. Co. v. Fisher*, 698 P.2d 1369, 1372 (Colo. App. 1984); *see generally W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (setting forth the elements of a claim for breach of contract under Colorado law). Furthermore, when determining whether an act or omission would constitute a material breach of a contract, a court

4

must consider "the importance or seriousness of the breach and the likelihood that the complaining party has received or will receive substantial performance under the contract." *Stan Clauson Assocs., Inc. v. Coleman Bros. Const., LLC*, 297 P.3d 1042, 1045 (Colo. App. 2013). The Court finds that there are material facts in dispute regarding whether there was a settlement agreement and, therefore, G&C is not entitled to partial summary judgment on this claim.

Similarly, G&C argues that it is entitled to partial summary judgment for liability per its breach of contract claim due to M&S's failure to provide surveying data. (ECF No. 49, pp. 8-9). M&S argues that it had a valid legal justification for not providing G&C with all the as-built data under the subcontract. Essentially, M&S argues it was legally justified in withholding the data from G&C because G&C materially breached the subcontract first by failing to pay M&S for additional services. (ECF No. 53, pp. 18-19). M&S provides numerous invoices and documentation establishing that G&C submitted a portion of the additional services claimed by M&S, approximately $84,906.50, to the Department of Veteran's Affairs as a modification to the construction contract concerning the storm sewer design. (*See* ECF No. 53-4; ECF No. 53-26; ECF No. 53-28). M&S has presented evidence that of the $188,377.00 listed in M&S's invoices, G&C was paid approximately $60,289.00 by the Department of Veteran's Affairs. (ECF No. 53-4, pp. 7-9). M&S alleges that none of that has been paid to it.

It is well established that "a party to a contract cannot claim its benefit where he is the first to violate its terms." *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 64 (Colo. 2005). Thus, a material breach by one party relieves the other party of its contractual obligations to perform. *See Kaiser v. Mkt. Square Disc. Liquors, Inc.*, 992 P.2d 636, 641 (Colo. App. 1999). The issue of whether an employee of G&C, Anel Sanchez, was its agent with actual or apparent authority who

could bind G&C is a disagreement that requires submission to a factfinder.  *See Russell v. First Am. Mortg. Co.*, 565 P.2d 972, 975 (Colo. App. 1977).  Thus, G&C is also not entitled to partial summary judgment on this claim as there are material facts in dispute.

      B.  M&S's Additional Services

Finally, G&C argues that it is entitled to summary judgment on M&S's affirmative claims for additional services performed through September 2018.  (ECF No. 49, pp. 14-17).  M&S, however, seeks payment for work performed *after* September 2018 and does not dispute that it executed lien waivers for its services performed before.  (ECF No. 53, pp. 25-26).  G&C argues that regardless of the lien waivers, M&S could not seek payment for additional services unless the additional work was pre-approved in writing by an officer of G&C.  (ECF No. 61, p. 13).  As discussed previously, the issues of whether the work and payment for additional services were approved by an agent with apparent or actual authority of G&C are disputed questions of material fact.  (*See* ECF No. 53-4, pp. 5-6; ECF No. 61-1, p. 4).  G&C, therefore, is not entitled to partial summary judgment on these claims either.

## IV.  CONCLUSION

Accordingly, G&C and Everest's Motion for Summary Judgment is DENIED.  (ECF No. 49).

DATED this 19th day of August 2022.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge